IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHAUHEEN SOHRABI,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN FEDERAL BUREAU OF PRISONS RESIDENTIAL REENTRY MANAGEMENT CINCINNATI,<br><br>Respondent. | Case No. 1:26-cv-0192<br><br>DISTRICT JUDGE MICHAEL J. HENDERSHOT<br><br>MAGISTRATE JUDGE JAMES E. GRIMES JR.<br><br>**REPORT & RECOMMENDATION** |

Petitioner Shauheen Sohrabi filed a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. *See* Doc. 1. He challenges his "loss of forty-one … days of Good Conduct Time." *Id.* at 1. The Court referred this matter to a Magistrate Judge for preparation of a report and recommendation. Doc. 13. For the reasons stated below, I recommend that the Court dismiss Sohrabi's petition.

*Background*

In 2020, Sohrabi was convicted in this District of three controlled substances offenses. *United States v. Sohrabi*, No. 5:18-cr-182 (Mar. 2, 2020), ECF No. 186. He was sentenced to 120 months' imprisonment. *Id.* at 2.

Exercising the authority in 18 U.S.C. § 3624(c), as amended by Section 251(a) of the Second Chance Act of 2007, Pub. L. 110–199, 122 Stat. 657 (Apr. 9, 2008), the Bureau of Prisons transferred Sohrabi in May 2025 "to a private residential reentry center (commonly known as a 'halfway house') in Toledo,

Ohio."[1] Doc. 15-1, at 2. At that point, Sohrabi's custodian was Shannon Wicks, the Cincinnati Residential Reentry Manager. *Id.* at 1–2. Wicks is located in Cincinnati, Ohio. *Id.* at 1. In her capacity as a "Residential Reentry Manager," Wicks "oversee[s] the [Bureau's] Cincinnati Residential Reentry Management Office." *Id.* at 2. And that office "is responsible for contract management and administration of the residential reentry and home confinement services in the Northern District of Ohio, among other districts." *Id.*

According to Wicks, Sohrabi was in an escape status for three days in October 2025, before he was apprehended by the Marshals Service, following his arrest by Newburgh Heights police officers. *Id.* at 2–4. From October 12, 2025, when he was apprehended, until January 21, 2026, Sohrabi was "housed at [the] Medina County Jail." *Id.* at 2.

Sohrabi's alleged escape led to charges and a hearing before a "Center Disciplinary Committee," which recommended that Sohrabi be sanctioned with the loss of 41 days' Good Conduct Time. *Id.* at 4–6. The Bureau's Discipline Hearing Officer later "certified" this recommendation. *Id.* at 6.

On January 21, 2026, Sohrabi "was transferred back to the" Bureau. *Id.* at 2. This transfer process took nearly two weeks and on February 3, 2026, Sohrabi "arriv[ed] at the Federal Correctional Institution in Milan, Michigan." *Id.* Although the record does not reveal where Sohrabi was located during his

---

[1] The Second Chance Act authorizes eligible federal prisoners to spend a portion of their sentence in pre-release custody in a residential reentry center or in home confinement. *See* 18 U.S.C. § 3624(c).

transfer, Wicks declares that Sohrabi remained in her custody continuously until February 3, 2026, when he arrived at the correctional institution in Milan. *Id.*

On January 23, 2026, while Sohrabi was in the process of being transferred to the Milan Correctional Institution, the Court received and filed Sohrabi's habeas petition.[2] Doc. 1. In his petition, he raises a number of claims related to the discipline that resulted in his loss of 41 days' Good Conduct Time. *See id.* at 2.

Respondent filed a return. Doc. 12. Among other things, Respondent argues that venue does not lie in this District because this Court does not have jurisdiction over Sohrabi's custodian. *Id.* at 6–8. Sohrabi filed a reply but did not discuss or dispute Respondent's argument that this Court lacks jurisdiction over his custodian. *See* Docs. 14, 16-1.

*Discussion*

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the

---

[2] Although Sohrabi dated his petition on January 8, 2026, Doc. 1, at 3, he did not include in it a declaration or some other evidence that he placed it in the mail at the Medina County Jail such that he could benefit from the prison mailbox rule. *See United States v. Smotherman*, 838 F.3d 736, 737–39 (6th Cir. 2016) (discussing the rule). Indeed, the envelope in which his petition was mailed shows that it was mailed from a post office in Solon, Ohio, on January 20, 2026, twelve days after Sohrabi dated his petition. Doc. 1-8. The filing date for his petition is thus January 23, 2026, the date that the Court received it.

petitioner].'"[3] *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); *see Braden v. 30th Jud. Circuit Ct. of Ky.*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). The "custodian … is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 435. As a general matter, this means that a habeas petitioner should name his "immediate custodian" as the respondent in his petition. *See Roman v. Ashcroft*, 340 F.3d 314, 319–20 (6th Cir. 2003).

Applying the *immediate custodian rule*, a court should determine whether the named respondent is "the person exercising daily control over [the petitioner's] affairs." *Id.* at 320. For example, in the immigration context, the immediate custodian of a detained alien is not the warden of the detention facility holding the alien. Rather, the custodian is the Immigration and Customs Enforcement District Director where the alien's detention facility is located. *Mbulih v. Green*, No. 4:26-cv-1909, 2026 WL 2908666, at *1 (N.D. Ohio Sept. 28, 2026) (citing *Roman*). And this is the case because "[w]hatever daily control state and local governments have over federal [immigration] detainees,

---

[3] A habeas petition under 28 U.S.C. § 2241 "is the proper mechanism to challenge" the denial of good time credits. *United States v. Dandridge*, No. 21-1234, 2021 WL 7368669, at *2 (6th Cir. Nov. 5, 2021); *see Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) ("In general, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself.").

they have that control solely pursuant to the direction of" Immigration and Customs Enforcement. *Roman*, 340 F.3d at 320.

Further, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). A "'court issuing [a] writ'" of habeas corpus under Section 2241 must therefore "'have jurisdiction over the [petitioner's] custodian.'" *Id.* (quoting *Braden*, 410 U.S. at 495). It follows that "jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Because that is the case, "the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent.... By definition, the immediate custodian and the prisoner reside in the same district." *Id.* at 444.

Finally, "jurisdiction over a § 2241 petition is determined *at the time the petition is filed*." *Snyder v. Johns*, No. 0:11-0100, 2011 WL 4352558, at *2–3 (E.D. Ky. Sept. 16, 2011) (noting that "[t]he Sixth Circuit" and "numerous other courts have held that jurisdiction over a § 2241 petition is determined *at the time the petition is filed*") (citing cases).

Applying the above guidance, Wicks is Sohrabi's custodian.

There is no dispute that at all relevant times, including January 23, 2026, when Sohrabi filed his petition, Sohrabi was in Wicks's custody. Sohrabi listed Wicks as the respondent on his petition, albeit by her official title. *See* Doc. 1, at 1. And Wicks has affirmed that, as the individual responsible for managing and administering the Bureau's "residential reentry and home

confinement services in the Northern District of Ohio," she was Sohrabi's custodian before and after January 23, 2026, until February 3, 2026, when Sohrabi arrived in Milan, Michigan. Doc. 15-1, at 1–2. "Whatever daily control" anyone else exercised over Sohrabi on the day he filed his petition, it is undisputed that whoever physically controlled Sohrabi only did so at Wicks's direction. *Roman*, 340 F.3d at 320; *see* Doc. 15-1, at 2. Wicks was therefore Sohrabi's immediate custodian and thus the proper respondent here. *See Rumsfeld*, 542 U.S. at 435; *Roman*, 340 F.3d at 319–20. Indeed, several courts have concluded that Wicks or an official exercising similar responsibilities would be the proper respondent for a petitioner residing in a Residential Reentry Center or being held under the authority of the official responsible for a Residential Reentry Center. *See Purley v. Toledo Fed. Ct.*, No. 3:24-cv-1211, 2025 WL 240737, at *3 (N.D. Ohio Jan. 17, 2025) (finding that Cincinnati Residential Reentry Manager Wicks was the immediate custodian of the petitioner in a Toledo halfway house and recommending dismissal for lack of personal jurisdiction) (citing *Frazier v. Bureau of Prisons*, No. 21-cv-528, 2021 WL 5168500, at *1 (W.D. Wis. Oct. 6, 2021) and *Nekvasil v. United States*, No. 1:22-cv-617, 2022 WL 4115428, at *2–3 (W.D. Mich. Sept. 9, 2022)), *report and recommendation adopted*, 2025 WL 581090 (N.D. Ohio Feb. 21, 2025); *Cody v. Phelps*, No. 8:20-cv-3298, 2020 WL 9071682, at *2 (D.S.C. Oct. 26, 2020), *report and recommendation adopted*, 2021 WL 1230280 (D.S.C. Mar. 31, 2021).

At all relevant times, including when Sohrabi filed his petition, Wicks was located in Cincinnati, Ohio. *See* Doc. 15-1, at 2. Cincinnati is not located in this District. As a result, this Court lacks jurisdiction to grant Sohrabi's petition. *See Rumsfeld*, 542 U.S. at 442–44; *see also Braden*, 410 U.S. at 494–95 ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."); *Snyder*, 2011 WL 4352558, at *2–3 ("jurisdiction over a § 2241 petition is determined *at the time the petition is filed*").

To be sure, even if Sohrabi had filed his petition on January 8, 2026, when he dated it, Doc. 1, at 3, the result would not change. In light of Wicks's undisputed declaration, "[w]hatever daily control" the Medina County Sheriff had over Sohrabi on January 8, the Sheriff exercised "that control solely pursuant to the direction of" Wicks. *Roman*, 340 F.3d at 320; Doc. 15-1, at 2; *see* Doc. 1, at 1 (naming as the Respondent, the "Warden, Federal Bureau of Prisons Residential Reentry Management Cincinnati"). So, even on January 8, 2026, Sohrabi's immediate custodian was not located in this district. The Court would thus lack jurisdiction over Sohrabi's immediate custodian even if the Court construed January 8 as the filing date for Sohrabi's petition. *See Purley*, 2025 WL 240737, at *4–5.

The next question "is whether this Court should dismiss [Sohrabi's] … § 2241 petition for lack of jurisdiction or transfer it" under 28 U.S.C. § 1631 "to the [district] where [Sohrabi] was confined at the time of filing." *United States*

*v. Wallace*, No. CR 17-118, 2024 WL 1269999, at *3 (E.D. Ky. Feb. 2, 2024), *report and recommendation adopted*, 2024 WL 1259440 (E.D. Ky. Mar. 25, 2024); *see* 28 U.S.C. § 1631 (requiring transfer to cure want of jurisdiction if transfer would be "in the interest of justice"); *see also* 28 U.S.C. § 1406(a) (requiring transfer to cure improper venue if transfer would "be in the interest of justice"). "Recent opinions from the Sixth Circuit, although unpublished, suggest that dismissing a § 2241 petition for lack of jurisdiction remains appropriate, and the petitioner carries the burden to demonstrate that the interest of justice requires transfer rather than dismissal." *Wallace*, 2024 WL 1269999, at *3 (citing *Gordon v. Warden, USP Lewisburg*, No. 19-3063, 2019 WL 3297519 (6th Cir. May 17, 2019) and *Toaz v. United States*, No. 19-1044, 2019 WL 11891949, at *2 (6th Cir. Mar. 19, 2019)); *see Stanifer v. Brannan*, 564 F.3d 455, 460 n.1 (6th Cir. 2009) ("it seems clear that the plaintiff would have the burden of proving grounds for a transfer").

Here, Respondent argued in her return that this Court lacks jurisdiction over Sohrabi's immediate custodian. Doc. 12, at 6–8. Sohrabi, however, did not respond to this argument in either his reply or his supplemental reply. *See* Docs. 14, 16-1; *see also* Doc. 16. Sohrabi has thus failed to show that transfer would be in the interest of justice. *See Stanifer*, 564 F.3d at 460 n.1 ("it seems clear that the plaintiff would have the burden of proving grounds for a transfer"); *see also* 28 U.S.C. §§ 1406(a), 1631. As a result, this Court should

dismiss his petition.[4] *See Wallace*, 2024 WL 1269999, at *3; *cf. Griham v. United States*, 842 F. App'x 425, 428 (11th Cir. 2021) (affirming the refusal to transfer a petition in an analogous Section 1631 setting where the petitioner failed to show that transfer would be in the interest of justice).

*Conclusion*

For all the reasons stated, the Court should dismiss Sohrabi's petition. Sohrabi's Motion to expedite review, Doc. 2, is denied as moot. His Motion for Leave to Supplement the Record with Additional Evidence, Doc. 7, is granted. Respondent's motion to file a sur-reply, Doc. 18, is denied, *see Walden v. Gen. Elec. Int'l, Inc*, 119 F.4th 1049, 1056 (6th Cir. 2024) ("Surreplies are 'highly disfavored'") (quoting *Cousins Smokehouse, LLC v. Louisville Processing & Cold Storage, Inc.*, 588 F. Supp. 3d 753, 763 (W.D. Ky. 2022)).

Dated: November 16, 2026

*/s/James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

---

[4] Transfer is also not warranted because neither party has articulated to the Court to which court transfer would be appropriate. Respondent also confusingly asserts that, as of when she filed her response, Sohrabi had two different custodians who are located in different districts. *See* Doc. 12, at 1 n.1, 8 n.4. Further, the Bureau's inmate locator, which this Court may consider, *see Nekvasil*, 2022 WL 4115428, at *2 & nn. 2–3, indicates that Sohrabi is now confined at the Federal Correctional Institution located in Thomson, Illinois. *See* https://www.bop.gov/inmateloc/; *see also* Doc. 14-1.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).